**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

-------------------------------------------------------------------------x
                                                                        )
SECURITIES AND EXCHANGE COMMISSION,                                     )
     100 F Street, N.E.                                                )
     Washington, DC 20549                                              )
                                                                        )
                          Plaintiff,                              )
              v.                                                           )
                                                                        )
CHANIN CAPITAL LLC                                                      )
     11150 Santa Monica Blvd.                                          )
     6th Floor                                                         )
     Los Angeles, CA 90025,                                            )
                                                                        )
                    Defendant.                                   )
                                                                        )
-------------------------------------------------------------------------x

**COMPLAINT FOR CIVIL PENALTY**

       Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") alleges as follows:

**NATURE OF THE ACTION**

       1.     Chanin Capital LLC ("Chanin" or "Defendant") was a broker-dealer registered with the Commission through April 1, 2007. Beginning in, at least, January 1999, Chanin failed to establish, maintain and enforce policies and procedures reasonably designed to prevent the misuse of material nonpublic information by its employees and associated persons as required by Section 15(f) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78*o*]. Chanin thereby violated Section 15(f) of the Exchange Act.

2.       This action seeks civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## JURISDICTION

3.       This Court has jurisdiction over this action pursuant to Sections 21(d)(3) and 27 of the Exchange Act [15 U.S.C. §§ 78(u)(d)(3) and 78aa].

4.       Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange, in connection with the acts, practices and courses of conduct complained of herein.

5.       This district is an appropriate venue for this action under Section 27 of the Exchange Act [15 U.S.C. § 78aa].   During the relevant period, Chanin transacted business in the District of Columbia, including but not limited to filing reports so as to maintain its registration as a broker-dealer.

## DEFENDANT

6.       Defendant Chanin is a California corporation.  During the relevant period, Chanin was a broker-dealer registered with the Commission.  Chanin serviced clients of Chanin & Co. LLC ("Chanin & Co."), an investment bank headquartered in Los Angeles, California, with offices in New York, Dallas and London.  Chanin Capital Partners LLC was the holding company for both Chanin and Chanin & Co.  Throughout the relevant period, Chanin & Co. employed approximately 35 to 60 employees, some of whom also were registered representatives licensed to conduct securities transactions through Chanin. On November 1, 2006, Chanin Capital Partners LLC announced that it had been acquired by Duff & Phelps, a financial advisory firm.  In connection with that acquisition, Chanin ceased

operating as a broker-dealer on or about October 31, 2006.  Also in connection with the acquisition, and effective April 1, 2007, Chanin deregistered as a broker-dealer.

## FACTUAL ALLEGATIONS

7.      As a broker-dealer registered with the Commission, Chanin was required to establish, maintain and enforce written policies and procedures reasonably designed to prevent the misuse of material nonpublic information by employees and associated persons.  Beginning in, at least, January 1999, Chanin failed to establish, maintain and enforce such policies and procedures.

8.      Between January 1999 and September 15, 2003, Chanin had certain written policies and procedures designed to prevent the misuse of material nonpublic information, including a written insider trading policy requiring employee acknowledgement, an employee handbook with a section that proscribed insider trading that also required employee acknowledgement, and a requirement that employees disclose in writing, and receive prior approval for stock purchases and sales.  Despite the legal requirement to do so, between 1999 and September 15, 2003, Chanin did not enforce these written policies.

9.      Specifically,  between January 1999 and September 15, 2003, Chanin had the following written policies concerning insider trading:  a section of its employee handbook describing and prohibiting insider trading, and a form requiring employees to acknowledge receipt of the handbook; a freestanding insider trading policy describing and prohibiting insider trading, and a form requiring employees to acknowledge receipt of the policy; a stock purchase/sale form requiring employees to disclose purchases or sales of

3

securities in writing; a form requiring employees to identify private securities transactions and "selling away;"[1] and a form requiring employees to identify outside business activities.

10.    In addition to the policies denoted above, on October 18, 2001, Chanin's compliance officer wrote and circulated a memorandum to all Chanin and Chanin & Co. employees stating that the firm was required to track and monitor employee trading.  The compliance officer attached to that memorandum the firm's stock purchase/sale form, the private securities selling away form and the outside business activities form.  The memo noted that, while employees could get oral approval for trades, they were required to submit the written form designating any securities trading.

11.    Although Chanin and Chanin & Co. employees engaged in securities trading between 1999 and September 15, 2003, there is no written record of any securities trade pre-cleared by Chanin, or for which clearance was sought by an employee.

12.    During the same time frame, Chanin had no consistent practice with respect to obtaining signed acknowledgments of the firm's insider trading policy or receipt of the employee handbook.  For example, during a period in which Chanin & Co. had in excess of 35 employees, Chanin had only two signed insider trading policy acknowledgments for 1999, three in 2000 and four in 2001.  In connection with an update to its insider trading policy in November 2002, Chanin collected 36 acknowledgment forms, fewer than its approximately 50 employees at the time.  Moreover, Chanin had no system by which it tracked whether and when any of its employees signed any of its insider trading policies, and no procedures reasonably designed to address employee compliance with those policies.

---

[1]    Generally, "selling away" refers to a broker's solicitation of a party to purchase securities not held or offered by the brokerage firm, often in private securities transactions.

13.     In September 2003, Chanin revised its written policies and procedures. In addition to retaining the policies described above, in September and October 2003, Chanin held mandatory trainings for its employees and associated persons concerning its insider trading policies, although the firm did not maintain a list of which individuals attended those meetings.  Starting on or about September 2003, Chanin began and maintained a restricted list, obtained and reviewed employee brokerage account statements, required and reviewed written requests by employees and associated persons to purchase or sell securities, and had more of its personnel sign forms acknowledging receipt of its insider trading policy.  In October 2004, Chanin introduced and implemented a progressive discipline system for employees and associated persons who failed to comply with the firm's trading policies.

14.     Notwithstanding its much improved adherence to its own policies and procedures after September 15, 2003, Chanin continued to lack policies and procedures reasonably designed to address the continued maintenance and enforcement of its new compliance program.  For example, neither of Chanin's two principals signed an acknowledgment of the firm's insider trading policy when it was revised in 2003, although both were subject to the firm's policies.  Ultimately, one of Chanin's principals signed the policy nearly a year after its enactment, in August 2004, and the other nearly two years later, in July 2005.  Chanin had no policy or procedure in place for continued training of its personnel on its insider trading policies or procedures.  Moreover, while the firm's policy required employees and associated persons to identify securities trading accounts and provide copies of account statements to the firm, there was no policy or

procedure in place to address whether such individuals identify new securities trading

accounts after they made their initial certification.

## CLAIM FOR RELIEF

### (Violation of Section 15(f) of the Securities Exchange of 1934 [15 U.S.C. §78(*o*)]

15.    Paragraphs 1 through 14 are hereby realleged and incorporated by

reference.

16.    As a registered broker-dealer, Chanin was obligated to establish, maintain

and enforce written policies and procedures reasonably designed to prevent the misuse of

material nonpublic information by its employees and all other persons associated with the

broker-dealer.

17.    By reason of the foregoing, Defendant violated Section 15(f) of the

Exchange Act  [15 U.S.C. § 78(*o*)] both prior to and after September 15, 2003.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a final

judgment against Chanin that:

1.    Orders Chanin to pay a civil monetary penalty pursuant to Section

     21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];  and

2.    Grants such other relief as this Court may deem just and proper.

Dated:  April 28, 2008              ___/s/ Fred L. Block_____/
                                    Frederick L. Block (DDC Bar #492358)
                                    Christopher Conte
                                    Charles E. Cain
                                    Amybeth García-Bokor (DC Bar #453279)
                                    SECURITIES AND EXCHANGE COMMISSION

100 F Street, N.E.
Washington, DC 20549
202.551.4919 (Phone) (Block)
202.772.9245 (Fax) (Block)

*Counsel for Plaintiff*